## Parker's Estate.

*Harry G. Tinker* and *Chester D. Fetterhoff*, for appellant.
*Frank C. McGirr* and *John E. Laughlin*, for respondent.

TRIMBLE, P. J., May 15, 1929.—This appeal from the probate of a writing purporting to be decedent's will is to the jurisdiction of the Register of Wills of Allegheny County to probate the writing.

William A. Parker executed a last will and testament dated Sept. 21, 1927, and a writing purporting to be a later will Feb. 17, 1928, which, for convenience, will be designated herein as the later will. Both were taken to the Register of Wills in Huntingdon County, Pennsylvania, which was mistakenly supposed to be the family or principal residence of decedent. The custody of the earlier will was and still is retained by the persons who exhibited it to the Register of Wills. A *caveat* was filed by the widow. Afterwards she deposited with the Register of Wills of Huntingdon County the later will, in which the persons having the earlier will have no interest whatever as beneficiaries or otherwise, but some of them filed a *caveat* thereto. Witnesses to the signature of testator to both wills were produced before the Register and his signature was *prima facie* established; after this no further proceedings were taken in Huntingdon County. No petition was filed in the office of the Register of Wills of Huntingdon County for letters testamentary by any interested

person under either will, or by any other person for them, showing residence and citizenship, which is required by the Act of March 24, 1921, P. L. 51.

The widow was the sole legatee and devisee under the later will and withdrew this from the Register of Wills after the *caveat* was filed against its probate. It was delivered to her by the Register on request, and having taken the advice of counsel, she made application for letters testamentary by petition showing the family or principal residence of the decedent to have been in Allegheny County, Pennsylvania, and thereupon the Register of Wills of said county probated this as the last will and testament of the decedent. An appeal was taken from this probate. At first a demurrer was filed, and this being overruled, after answer and replication, a trial was had.

It now appears from the testimony that about April 1, 1928, decedent was ill and did not re-lease the dwelling which he occupied as a residence in Wilkinsburg, Pennsylvania, and removed a part of his household effects to the home of his sister-in-law in that borough and the greater part to his summer home in Huntingdon County. This had been in his possession and used by him in season for recreation and had never been his family or principal residence. On July 3, 1928, he left Wilkinsburg to spend a holiday at this retreat, and with his health broken beyond recovery, he succumbed while there and died Aug. 8th. It is undisputed that his securities were in Pittsburgh; that he was employed in this city at the time of his death, and that after April 1, 1928, when alone in Allegheny County or with his wife or his foster child he resided either in the home of his sister-in-law or in a hotel in Wilkinsburg, where he had living quarters before June 20, 1928, when he removed to his sister-in-law's home.

There is nothing in this case to indicate that Huntingdon County was the family or principal residence of the decedent. The furnishing of his house there with some of the household goods used in Wilkinsburg of itself is not persuasive of a change of residence when at the same time his intention to reside at his place of business is shown by his act of taking another residence here when he gave up one too large for his needs. He was purchasing agent of the Bessemer & Lake Erie Railway Company, and as such, his presence was required in the City of Pittsburgh almost the whole of the time. He could not have retained that position and lived in Huntingdon County. He never communicated to any of the employees of that company any intention to leave, but all of his acts indicated that he intended to retain his residence in Allegheny County.

But what of the *caveats* filed in Huntingdon County? It is argued that these acts clothe the Register of Wills with jurisdiction to determine the residence of the decedent. They would, surely, if petitions had been filed for letters; then the act of assembly would have been complied with; but the Register could not begin the judicial act of probating the will until these petitions were filed. Such proceedings would be as fatally irregular as taking testimony in the Orphans' Court in an appeal from a probate without the petition required in section 17, Orphans' Court Act of June 7, 1917, P. L. 363. Upon filing the petitions with the Register of Wills showing the residence and citizenship, the petition and the will would be entered in the records of his office. In this manner only could the jurisdiction be invoked. It cannot be maintained that the Register of Wills, having received the will, could have any right to hold it without a procedure under the act of assembly for probate when he was satisfied that it should be redelivered to the parties from whom he received it, either because it was not the last will and testament of the decedent or that he had no jurisdiction to probate it. The *caveat* against its probate would be suf-

ficient warranty for him to redeliver the will when he was satisfied that he did not have the right of custody, and such a delivery by him is presumed to be regular. That was done in this case.

The Register of Wills of Huntingdon County had no right to the custody of the will which was probated in Allegheny County because its probate here and the trial on the appeal from the probate show conclusively that this county was the family or principal residence of the decedent.

The appellant at first denied the execution of the second will and withdrew his objection to the probate without prejudice to renew it after the question of jurisdiction would be determined. The appeal from the probate of the will will be dismissed in an order, saving to the appellants here a right to enter a new appeal which will be restricted to questions concerning the validity of the will.

From William J. Aiken, Pittsburgh, Pa.